<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>A-P-A TRANSPORT CORP.<br>CONSOLIDATED LITIGATION | Civ. No. 02-3480 (WGB) |
| BRIAN CAMPBELL, JOHN CRONIN, JR.,<br>ANDREW IMPERATORE, OMER MASSE, GARY<br>PEGORARO, DEBORAH TETRO, and RICHARD<br>YURCISIN,<br><br>      Plaintiffs,<br><br>v.<br><br>A-P-A TRANSPORT CORP.,<br><br>      Defendant. | <u>O P I N I O N</u> |

**APPEARANCES:**

Gail C. Lin, Esq.
John C. Lankenau, Esq.
LANKENAU & MILLER, LLP
1775 Broadway, Suite 610
New York, New York 10019

Julie Hurwitz, Esq.
Mark Fancher, Esq.
THE NLG MAURICE AND JANE SUGAR LAW CENTER FOR
ECONOMIC AND SOCIAL JUSTICE, a non-profit law firm
733 St. Antoine Street, Third Floor
Detroit, Michigan 48226

    Attorneys for Plaintiffs


Keith R. McMurdy, Esq.
GROTTA, GLASSMAN & HOFFMAN, P.A.
75 Livingston Avenue
Roseland, New Jersey 07068

    Attorneys for Defendant

**BASSLER, SENIOR DISTRICT JUDGE:**

Defendant A-P-A Transport Corp. ("APA") operated 24 trucking terminals in 10 states. APA employed both union and non-union workers at its facilities. On or about February 14, 2002, APA issued a notice to all APA employees that it would be closing all of its facilities on February 20, 2002.

Plaintiffs Brian Campbell, John Cronin, Jr., Andrew Imperatore, Omer Masse, Gary Pergoraro, Deborah Tetro, and Richard Yurcisin (collectively "Plaintiffs") filed suit against APA, alleging violations of the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2901 et seq.

Plaintiffs now move the Court to certify a plaintiff class consisting of Plaintiffs and other non-union former employees of APA that were terminated when APA closed its facilities. Plaintiffs also move the Court for an order appointing Mr. Cronin, Mr. Imperatore, Ms. Tetro, and Mr. Yurcisin as class representatives; appointing Lankenau & Miller, LLP and the NLG Maurice and Jane L. Sugar Law Center for Economic and Social Justice (the "Sugar Law Center") as class counsel; and approving the form and manner of notice to the class. For the reasons set forth below, the Court **grants** all four of Plaintiffs' requests.

**BACKGROUND**[1]

Prior to February 20, 2002, APA owned and operated 24 trucking facilities in the Northeast and Midwest. APA employed both union and non-union employees. On February 14, 2002, however, APA issued a notice to its employees that it would be closing all of its facilities on February 20, 2002. Subsequently, APA terminated most of its union and non-union employees due to those closures.

Plaintiffs are seven non-union former employees of APA. Plaintiffs bring this action on behalf of themselves and on behalf of the other similarly situated non-union former employees of APA. Plaintiffs seek relief from alleged violations by the APA of the WARN Act.

The WARN Act bars employers with 100 or more employees from ordering a "plant closing" or a "mass lay-off" unless at least 60 days' advance written notice is provided to each employee who will be terminated as a part of, or as a reasonably foreseeable consequence of, the plant closing or mass lay-off. 29 U.S.C. §§ 2101(a)(1),2102(a)(2). Failure to provide the required notice

---

[1] The following account of the facts accepts the allegations of Plaintiffs' Complaint in so far as a court must not inquire into the merits of a suit in order to determine whether it may proceed as a class action. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974). The Court's inquiry, nonetheless, does "probe behind the pleadings," General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982), in order to "thoroughly examine" Mulder's "factual and legal allegations." Barnes v. Am. Tobacco Co., 161 F.3d 127, 140 (3d Cir. 1998).

renders the employer liable to each affected employee for 60 days' pay and benefits. 29 U.S.C. § 2104. If the employer gives less than 60 days' notice, the employer is liable for pay and benefits for the number of days notice was not given. Id.

Plaintiffs allege in their Amended Complaint that prior to February 14, 2004, APA employed approximately 527 non-union employees and at all relevant times employed 100 or more employees. (Am. Compl. ¶¶ 7,11.) Plaintiffs claim that they, as well as the other non-union plaintiffs, were terminated without cause and without proper notice. (Id. ¶¶ 17,20-21.) APA did not pay Plaintiffs, and the other similarly situated non-union employees did not receive their wages and benefits for 60 days following their terminations. (Id. ¶ 23.)

Plaintiffs believe that they and the other similarly situated non-union employees constitute a class within the meaning of Federal Rules of Civil Procedure 23(a) and (b)(3). (Id. ¶ 14.)

## DISCUSSION

As noted above, on a motion for class certification, courts must not inquire into the merits of a suit. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974). Courts may nevertheless "probe behind the pleadings," Gen. Tel. Co. v. Falcon, 457 U.S. 147, 160 (1982), in order to "thoroughly examine" the plaintiff's "factual and legal allegations." Barnes v. Am. Tobacco Co., 161

4

F.3d 127, 140 (3d Cir. 1998).

Plaintiffs bear the burden of showing that they can adequately represent the asserted class. Davis v. Romney, 490 F.2d 1360, 1366 (3d Cir. 1974). In order to do so, Plaintiffs must satisfy the requirements of Federal Rule of Civil Procedure 23.

## I. Class Certification Under Federal Rule of Civil Procedure 23

Before obtaining certification, a class must meet the four requirements of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a); In re LifeUSA Holding, Inc., 242 F.3d 136, 143 (3d Cir. 2001). If Plaintiffs satisfy these Rule 23(a) requirements, they must then show that the class is appropriate under Rule 23(b)(1), (2) or (3). Plaintiffs seek certification under 23(b)(3).

APA contends that Plaintiffs have not satisfied the Rule 23(a) requirements of numerosity or adequacy of representation, but does not dispute commonality or typicality.

### A. Rule 23(a)(1) Numerosity

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs seek to represent a class with the following definition:

> The Plaintiffs and the other non-union former employees of Defendant [APA] who were terminated without cause in connection with plant closings, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"), that were carried out by Defendant on or about February 14, 2002

5

>as well as those other non-union former employees of Defendant who were terminated as the reasonable expected consequence of those plant closings.

(Pls.' Br. at 7.)  The Court interprets Plaintiffs' definition of the proposed class to include all non-union workers formerly employed at any of the 24 trucking terminals nationwide.

APA contends that Plaintiffs merely speculate as to the number of aggrieved non-union employees.  Conclusory or speculative allegations concerning the size of a prospective class do not satisfy the numerosity requirement.  <u>Stalling v. Califano</u>, 86 F.R.D. 140, 142 (N.D. Ill. 1980)(citing <u>Valentino v. Howlett</u>, 528 F.2d 975 (7th Cir. 1976)); <u>Tuma v. American Can Co.</u>, 367 F. Supp. 1178, 1188 (D.N.J. 1973).  In their Amended Complaint, Plaintiffs allege that approximately 527 non-union employees were employed by APA.  (Am. Compl. ¶ 7.)  Plaintiffs support this allegation with a list of non-union employees showing that APA terminated a total of 527 non-union employees in 2002.  (Lankenau Reply Decl., Ex. A.)

This is a substantial number of potential plaintiffs.  Even without taking into consideration the further difficulty that the potential class members are based in numerous states, the sheer number alone is enough to make joinder impracticable.  <u>See</u> <u>Stewart v. Abraham</u>, 275 F.3d 220, 226-27 (3d Cir. 2001) ("generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, [numerosity] has been

met").

Nonetheless, APA argues that Plaintiffs have not demonstrated that the putative class members worked at a facility with at least 50 full-time employees, as required by 29 U.S.C. § 2101(a)(2) or (3).  APA seeks to limit the class to those non-union employees who were terminated from facilities that employed 50 or more full-time employees.  This argument, however, goes to the merits of Plaintiffs' case by requiring the Court to prematurely determine which individuals qualify as "affected employees" under the WARN Act.

Even so, there is support for Plaintiffs' counter-argument that employees at facilities with less than 50 full-time employees may be protected by the WARN Act.  Where those employees are terminated as the consequence of layoffs at facilities with 50 or more employees, employees at the smaller facilities may be included in the plaintiff class.  See Amatuzio v. Gandalf Sys. Corp., 994 F. Supp. 253, 276 n.23 (D.N.J. 1998) ("Neither does WARN limit 'affected' employees to those included in the fifty or more employees used to define a 'plant closing.'  Once that definition is satisfied, any employee may qualify as an 'affected' employee, whether or not included in the group of employees used to define a 'plant closing.'"); Kirkvold v. Dakota Pork Indus., Inc., No. 97-4166, slip op. at 6-7 (D.S.D. Dec. 15, 1997) (certifying a class that included affected employees from

7

facilities with less than 50 full-time employees); see also Ethan Lipsig & Keith R. Fentonmiller, A WARN Act Road Map, 11 Lab. Law 273, 281 (1996).

In this case, Plaintiffs have submitted evidence that at least 354 non-union employees worked at facilities with 50 or more employees, excluding part-time employees. (Lankenau Reply Decl., ¶ 5 & Ex. B; see also Cronin Decl. ¶ 6; Imperatore Decl. ¶ 6; Tetro Decl. ¶ 6; Yurcisin Decl. ¶ 6.)

Plaintiffs have shown that at least 354 non-union former employees were terminated from facilities with 50 or more full-time employees. The Court therefore finds that the proposed class satisfies numerosity. For the purposes of this motion for class certification, the Court accepts that the remaining non-union former employees, who were terminated from facilities with less than 50 full-time employees, were terminated as a consequence of the layoffs at other facilities and should be included in the proposed class.

**B.  Rule 23(a)(2) Commonality**

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A plaintiff can meet the commonality requirement by showing "the presence of a single common issue." In re Prudential Ins. Co. of America Sales Practices Litig., 962 F. Supp. 450, 510 (D.N.J. 1997) (citing 1 Newberg § 3.10, at 3-50 to 3-52).

Plaintiffs assert that APA's alleged "common plan stemming from Defendant's decision to close the Facilities" raises the following five common issues:

- (a) whether the Plaintiffs and the other proposed class members were protected by the WARN Act;

- (b) whether the Defendant discharged the Plaintiffs and the other proposed class members on February 14, 2002 or during the 90 days from January 2, 2002 through April 1, 2002;

- (c) whether the Plaintiffs and the other proposed class members were "affected employees";

- (d) whether the Defendant terminated the employment of the Plaintiffs and the other members of the proposed class without cause;

- (e) whether the Defendant terminated the employment of the Plaintiffs and the members of the proposed class without giving them at least 60 days' prior written notice as required by the WARN Act.

(Pls.' Br. at 11-12.)  APA does not contest Plaintiffs' assertion that these five issues are common to the claims of all putative class members.  The Court has no reason not to believe Plaintiffs' assertion.  Because "[c]ommon issues of law and fact are presented, . . . [t]he WARN Act seems particularly amenable to class litigation."  Finnan v. L.F. Rothchild & Co., 726 F. Supp. 460, 465 (S.D.N.Y. 1989).  Thus, Plaintiffs meet the commonality test.

### C. Rule 23(a)(3) Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of

9

the class." Fed. R. Civ. P. 23(a)(3).  The court must ask:

> whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented.

Baby Neal v. Casey, 43 F.3d 48, 57 (3d Cir. 1994).

Here, Plaintiffs assert a cause of action premised on WARN Act liability.  Plaintiffs, as prospective representatives of the entire class, base their allegations on one set of operative facts--the February 20, 2002 terminations.  Plaintiffs claim that neither they nor any other member of the class received proper written notice of the terminations or the 60 days' wages and benefits to which they were entitled as a result of the terminations.  Plaintiffs declare that they have no conflicts of interest with the other prospective class members; in fact, Plaintiffs claim that their situations are identical to those of the other non-union employees.  (Cronin Decl. ¶¶ 9,11; Imperatore Decl. ¶¶ 9,11; Tetro Decl. ¶¶ 9,11; Yurcisin Decl. ¶¶ 9,11.)  Moreover, APA has not raised any objections to class certification based upon typicality.  Under these circumstances, Plaintiffs meet the typicality requirement.  See Gomez v. American Garment Finishers Corp., 200 F.R.D. 579, 582 (W.D. Tex. 2000) (typicality met where representatives allege only WARN Act liability based on one set of operative facts and liability for representatives will establish liability for benefit of the

10

class); see also Grimmer v. Lord, Day & Lord, 1996 WL 139649, at *8 (S.D.N.Y. 1996) ("the WARN Act provisions lend themselves to class action because they provide for limited recovery").

**D.    Rule 23(a)(4) Fair and Adequate Representation**

Rule 23(a)(4) requires a representative plaintiff to show that he "will fairly and adequately protect the interests of the class." The rule is "designed to ensure that the absent class members' interests are fully pursued." Samuel-Bassett v. Kia Motors Am., Inc., 212 F.R.D. 271, 279 (E.D. Pa. 2002)(citing In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 312 (3d Cir. 1998)).  The Court must find that the representative plaintiff's counsel is qualified.  See Barnes v. Am. Tobacco, 161 F.3d 127, 141 (3d Cir. 1998).  The named parties must also be free from conflicts of interest with the class they seek to represent. Amchem Prods. v. Windsor, 521 U.S. 591, 625 (1997).  The Samuel-Bassett court summarized the inquiry as follows:

> In short, the plaintiffs' attorney must be qualified, experienced and generally able to conduct the proposed litigation, and the plaintiffs must not have interests antagonistic to those of the class.  It is the defendants' burden to show the inadequacy of plaintiff's class representation.

212 F.R.D. at 279 (internal citations omitted).

As stated above, the Court has no basis to believe that the proposed representatives of the class--Mr. Cronin, Mr. Imperatore, Ms. Tetro, and Mr. Yurcisin--have any conflicts of

11

interests with other members of the putative class.  Furthermore, the Court has reviewed the declaration by John C. Lankenau, Esq., dated November 21, 2003, in which he explains the suitability of Plaintiffs' co-counsel to represent the putative class.  (See Lankenau Decl. ¶¶ 15-27.)  The Court finds Plaintiffs' co-counsel–-Lankenau & Miller, LLP and the Sugar Law–-to be qualified and able to prosecute this litigation on behalf of the class.

In objecting to Plaintiffs' adequacy of representation, APA contends that the proposed representatives of the class only have personal knowledge of the facts surrounding their own claims and thus cannot adequately represent the interests of the other prospective members of the class.  (Def.'s Opp. Br. at 5-7.)  APA further argues that because the damages to each individual will vary and the prospective class representatives do not have actual knowledge of those damages, the class should not be certified.  (Id.)

First, the Court notes that these are not conflicts of interest that weigh against the adequacy of representation by Plaintiffs.  Second, the fact that the named Plaintiffs do not have personal knowledge of every class members' damages is no barrier to certification.  See Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 372-73 (1966) (upholding appointment of plaintiff as class representative even though he was "uneducated generally

12

and illiterate in economic matters"); 1 <u>Newberg on Class Actions</u> § 3:34 at 461 (4th ed. 2002) ("most courts have followed the <u>Surowitz</u> rationale in rejecting any challenge to adequacy for class actions under amended Rule 23 based on ignorance of the facts or theories of liability"); see also <u>Nathan Gordon Trust v. Northgate Exploration, Ltd.</u>, 148 F.R.D. 105, 107 (S.D.N.Y. 1993) ("it is familiar law that a class representative need not have personal knowledge of the evidence and the law involved in pursuing a litigation").  The Court sees no reason to deny certification solely because Plaintiffs are not familiar with every fact of the case.

  **E. Certification Under Rule 23(b)(3)**

  Under Rule 23(b)(3), provided a plaintiff has satisfied all four requirements of Rule 23(a):

> [a]n action may be maintained as a class action if ... the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).  In making this determination, the Court looks to the following factors:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

In this WARN Act litigation, all of the claims stem from the same set of operative facts. Plaintiffs proceed on one theory of liability: violation of the WARN Act for failure to give proper notice of the terminations that occurred on or about February 20, 2002. Because the claims are so similar, no individual member has an interest in controlling the prosecution. Plaintiffs are the only members of the pututative class to commence litigation regarding this matter, but four other WARN actions have been brought by unions on behalf of their members and consolidated with this action. This procedural history weighs in favor of certifying the proposed class. Finally, the pututative class seeks only monetary relief that should be easily computed by the parties.

In addition to these facts, the Court notes that APA has not raised any objections to class certification based on Rule 23(b)(3). The Court therefore concludes that (b)(3) certification is appropriate for a class defined as follows:

> The Plaintiffs and the other non-union former employees of Defendant [APA] who were terminated without cause in connection with plant clsoings, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"), that were carried out by Defendant on or about February 14, 2002 as well as those other non-union former employees of Defendant who were terminated as the reasonable expected consequence of those plant closings.

14

**II. Appointment of Class Counsel**

Plaintiffs move to appoint its co-counsel as class counsel. APA raised no objection to this motion. As stated above, the Court finds Plaintiffs' co-counsel to be qualified and capable of prosecuting this action. Therefore, the Court appoints Lankenau & Miller, LLP and the Sugar Law Center as class counsel.

**III. Appointment of Class Representatives**

Of the seven named individuals, Plaintiffs request that Mr. Cronin, Mr. Imperatore, Ms. Tetro, and Mr. Yurcisin be appointed class representatives. APA has raised no objection to this motion, except to the extent that APA claimed in its opposition to the motion for class certification that Plaintiffs could not adequately represent the interests of the class. The Court, however, has determined that Plaintiffs will fairly and adequately represent the interests of the class.

Furthermore, Plaintiffs' counsel represented in their moving brief that Mr. Cronin, Mr. Imperatore, Ms. Tetro, and Mr. Yurcisin "have been diligent and active in pursuing the class claim and have worked closely with counsel in initiating and prosecuting the action." (Pls.' Br. at 21.) These four individuals have submitted declarations in which they declare that they have no conflicts with other class members and that they will eagerly prosecute this action on behalf of the other non-union former employees. (Cronin Decl. ¶¶ 10-11; Imperatore

Decl. ¶¶ 10-11; Tetro Decl. ¶¶ 10-11; Yurcisin Decl. ¶¶ 10-11.) Consequently, the Court appoints Mr. Cronin, Mr. Imperatore, Ms. Tetro, and Mr. Yurcisin as class counsel.

**IV.  Content and Manner of Giving Notice**

Finally, Plaintiffs move this Court for an Order approving the form and manner of notice to the class.  Under Federal Rule of Civil Procedure 23(c)(2)(B), individual notice must be provided to all class members who can be identified through a reasonable effort.  The notice must clearly and concisely state:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues, or defenses,
- that a class member may entered an appearance through counsel if the member so desires,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Plaintiffs have submitted a proposed form of notice.  (See Lankanau Decl., Ex. E.)  APA has not objected to the substance of the notice.  The Court has reviewed the proposed form of notice and finds that it meets all the formal requirements of Rule 23(c)(2)(B).  The second paragraph under the heading "The Class Claims," however, is unclear.  Therefore, that paragraph should be amended to read:

> The Plaintiffs, all of whom are former employees of Defendant A-P-A Transport, were terminated from their

16

> jobs on or about February 14, 2002. The Plaintiffs claim that they and other former employees of A-P-A Transport were terminated without cause due to plant closings carried out on or about February 14, 2002. The Plaintiffs claim that under the WARN Act they were entitled to receive written notice 60 days in advance of their termination dates. Because they did not receive proper notice, they believe that under the WARN Act they are entitled to an award of 60 days' wages and benefits. Plaintiffs have brought this action on behalf of themselves and all other former employees who were terminated on or about February 14, 2002, as a result of the plant closings or as the reasonable expected consequence of those plant closings.

Once this paragraph has been revised, the Court will allow the mailing of the notice.

Plaintiffs propose that the notice be served, postage prepaid, "to each member of the proposed class at that person's last known address as shown in the Defendant's records." (Pls.' Br. at 21.) In the event that certain notices are returned as undeliverable due to an incorrect address, "Plaintiffs' counsel will undertake a search of a national database of addresses for a corrected address and will remail the notice to that address." (Id. at 23.)

Many courts have found individual mailings to an individual's last known address to be appropriate. See, e.g., White v. Nat'l Football League, 41 F.3d 402, 408 (8th Cir. 1994); Weinberger v. Kendrick, 698 F.2d 61, 71 (2d Cir. 1983); Varacallo v. Mass. Mut. Life Ins. Co., 226 F.R.D. 207, 225 (D.N.J. 2005); Steiner v. Equimark Corp., 96 F.R.D. 603, 614 (W.D. Pa. 1983); Trist v. First Fed. Sav. & Loan Ass'n, 89 F.R.D. 1, 2 (E.D. Pa.

1980). APA has not objected to the proposed method of notice. Because Plaintiffs will attempt to cure any undelivered notices, the Court finds that it is appropriate for Plaintiffs to send the notices to the class members by first class mail.

Finally, Plaintiffs propose to provide class members with no less than 30 days from the date of the mailing to object to class certification. (Pls.' Br. at 23.) In order to provide sufficient time for class members to review the notice and contact an attorney, the Court requires that Plaintiffs give class members 60 days from the date of the mailing to object to or be excluded from the class.

## **CONCLUSION**

For the reasons set forth above, the Court grants Plaintiffs motion for class certification. The Court appoints Mr. Cronin, Mr. Imperatore, Ms. Tetro, and Mr. Yurcisin as the class representatives for the following class, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

> The Plaintiffs and the other non-union former employees of APA who were terminated without cause in connection with plant closings, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"), that were carried out by APA on or about February 14, 2002, as well as those other non-union former employees of APA who were terminated as the reasonable expected consequence of those plant closings.

The Court appoints Lankenau & Miller, LLP and the Sugar Law Center as class counsel. Finally, the Court approves the form

and manner of class notice, with one revision.

    An appropriate Order follows.


Dated: November 15, 2005


                                           /s/ William G. Bassler
                                          WILLIAM G. BASSLER, U.S.S.D.J.